## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **BERNARDO MEDINA, 1181188,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **NO. 3:07-CV-1545-K** |
| | § | **ECF** |
| **NATHANIEL QUARTERMAN, Director** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division** | § | |
| **Respondent.** | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court.  The Findings, Conclusions

and Recommendation of the Magistrate Judge are as follows:

### I.  Procedural Background

Petitioner challenges his conviction for unlawfully operating a motor vehicle while

intoxicated ("DWI").  *State of Texas v. Bernardo Medina*, No. F-0300909-VL (Crim. Dist. Ct.

No. 5, Dallas County, Tex., June 20, 2003).  The indictment also alleged four previous DWI

convictions.  At trial, the prosecution proved two of the prior DWI convictions to elevate the

current charge to a felony offense.  On June 20, 2003, Petitioner was found guilty of third-degree

felony DWI.  At sentencing, the prosecution proved the remaining two prior DWI convictions to

establish habitual offender status and raise the punishment range to twenty-five to ninety-nine

years, or life.  The trial court found the two enhancement paragraphs true, and sentence

Petitioner to thirty years confinement.

On August 17, 2004, the Fifth District Court of Appeals affirmed the conviction.  *Medina*

*v. State*, No. 05-03-01193-CR (Tex. App. – Dallas, Aug. 17, 2004).  Petitioner did not timely file

a petition for discretionary review.

On September 8, 2005, Petitioner filed a state habeas petition.  *Ex parte Medina*, No.

61,633-04.  On August 22, 2007, the Court of Criminal Appeals denied the petition without

written order on the findings of the trial court.

On September 5, 2007, Petitioner filed the instant § 2254 petition.  He argues :

1.      His trial counsel was ineffective for:

        (a)     Failing to inform him that two of the prior DWI convictions could be used to

                establish habitual offender status at the punishment stage which would increase

                his punishment level to twenty-five years to life;

        (b)     Failing to stipulate to the jurisdictional DWI convictions alleged in the

                indictment;

        (c)     Failing to object to the prosecutor's failure to give notice that it intended to seek

                habitual offender status;

        (d)     Failing to prepare for trial on the issue of whether Petitioner was the same person

                named in the prior DWI convictions; and

2.      The trial court erred in denying Petitioner's motion to quash the indictment.

## II.  Factual Background

The following factual background is taken from the opinion of the Fifth District Court of

Appeals.

Following his plea of not guilty, a criminal district court jury convicted Bernardo Medina of third-degree felony driving while intoxicated (DWI). . . .

The caption of the indictment stated that appellant was charged with "DWI 3RD/3RD." The indictment's first paragraph charged that appellant unlawfully operated a motor vehicle in a public place while intoxicated, and he did not have the normal use of his mental and physical faculties by reason of the introduction of alcohol, a controlled substance, or a drug or combination of substances. The indictment also included four paragraphs asserting that Medina had four prior convictions: (1) a conviction in F96-43299-JS for DWI; (2) a conviction in F92-73573-JN for DWI; (3) a final conviction in F90-34522-SW for felony DWI; and (4) a final conviction in F87-84980-MK for felony DWI.

At the beginning of the trial's guilt/innocence phase, the trial court read the first three paragraphs of the indictment (regarding the offending conduct and the prior convictions in cause numbers F96-43299-JS and F92-73573-JN). Appellant pled not guilty to the indictment. During the trial, the State presented evidence supporting appellant's guilt as to the offending conduct, as well as evidence concerning the first two of the prior convictions set forth in the indictment. The jury convicted appellant of felony DWI.

At the beginning of the trial's sentencing phase, the trial court arraigned appellant on the last two paragraphs of the indictment (i.e., the two prior final convictions for felony DWI); appellant pled not true to those paragraphs. The State presented, inter alia, evidence that appellant was the person convicted of the offenses stated in those paragraphs. The trial court found those paragraphs true and sentenced appellant to thirty years confinement.

*Medina v. State*, No. 05-03-01193-CR at 1-2.

## III.  Discussion

**1.      Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the

AEDPA), 28 U.S.C. § 2254 provide:

(d)      An application for writ of habeas corpus on behalf of a person in custody pursuant

to the judgment of a state court shall not be granted with respect to any claim that

was adjudicated on the merits in State court proceedings unless the adjudication

of the claim –

    (1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d).  Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000).  Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.  *Id*.

       This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996.  *See Lindh*, 521 U.S. at 336.  The petition in this case is subject to review under the AEDPA.

**2**.      **Ineffective Assistance of Counsel**

       Petitioner claims he received ineffective assistance of counsel.  To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and

"every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

### A. Habitual Offender Status/Punishment Range

Petitioner argues his counsel was ineffective because counsel failed to inform him that two of the prior DWI convictions listed in the indictment could be used to establish habitual offender status during the punishment phase. Under habitual offender status, Petitioner's range of punishment was raised from two to ten years imprisonment, to twenty-five years to life imprisonment. TEX. PENAL CODE Subchapter D, § 12.42(d). Petitioner argues his counsel did not inform him of the increased punishment range, and that he would have accepted the plea bargain offer if he had known of the increased punishment range.

Petitioner also argues his counsel was ineffective for failing to object to the prosecutor's failure to give notice that two of the prior DWI convictions alleged in the indictment would be used to establish Petitioner's habitual offender status.

On state habeas review, the court held an evidentiary hearing on Petitioner's ineffective

assistance of counsel claims.  Petitioner testified that his counsel did not inform him that the

enhancement paragraphs raised the penalty range to twenty-five years to life.  (State Habeas

Hr'g at 5-7).  Petitioner's son also testified that he and Petitioner believed the maximum

sentence available was ten years.  (*Id.* at 12).

Trial counsel testified that he discussed the enhancement paragraphs with Petitioner "a

lot," and informed Petitioner that the enhancements raised the penalty range to twenty-five years

to life.  (*Id.* at 17, 21).  The state habeas trial court found that defense counsel was credible,

while Petitioner was not credible.  *Ex parte Medina*, No. 61,633-04 at 60.

The trial record shows that defense counsel filed a motion to quash the enhancement

paragraphs.  Petitioner was present when trial counsel argued the enhancement paragraphs could

not be used to increase Petitioner's sentence.  (Trial Tr. Vol. 3 at 11).  The court denied defense

counsel's motion to quash.  (*Id.* at 13).

Moreover, defense counsel stated on the record that the punishment range was twenty-

five years to life on the current case, and on an additional case that Petitioner is not challenging

in this petition.  The record reflects the following:

| | |
|---|---|
| Defense Counsel: | But here's what I really want to ask you: Do you understand, by trying both of these cases, you're exposing yourself to punishment ranges twice of 25 to life? |
| Petitioner: | Yes.  What you have told me, I understand it. |
| Defense Counsel: | And do you understand that there is a plea bargain offer on this case of 18 years on both cases? |
| The Court: | Concurrent? |
| Defense Counsel: | I'm assuming.  Yes, Your Honor. |
| Prosecutor: | Yes, Your Honor. |

| Defense Counsel: | Do you understand that offer is on the table? |
| Petitioner: | Yes, I understand. |

(Trial Tr. Vol. 2 at 19-20).

Petitioner has failed to show his counsel did not inform him of the habitual offender status which increased the penalty range to twenty-five years to life in prison.  Petitioner has also failed to show that the prosecutor did not give notice regarding the habitual offender status and its increase penalty range.  Petitioner's counsel was therefore not ineffective for failing to object to a lack of such notice.  *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) (finding counsel is not required to make frivolous objections).  Petitioner's claims should be denied.

## B. Stipulation

Petitioner argues his counsel was ineffective because he failed to stipulate to the two DWI convictions that were used to establish felony jurisdiction.  Under Texas law, a defendant may stipulate to the jurisdictional paragraphs.  If the defendant so stipulates, the paragraphs may be read to the jury, and the stipulation may be entered into evidence, but no other evidence regarding the prior convictions may be presented.  *Robles v. State*, 85 S.W.3d 211, 213 (Tex. Crim. App. 2002) (en banc).

In this case, it appears defense counsel did not stipulate to the jurisdictional felonies.  At the start of the trial, the prosecutor read the indictment to the jury, including the two jurisdictional felonies in cause numbers F96-43299-JS and F92-73573-JN.  The prosecutor also admitted into evidence the judgments from these two prior convictions, and the penitentiary packet from F96-43299-JS.  (Trial Tr. Vol. 3 at 106-108; State Trial Exhibits 4, 5, 6).  The judgments in F96-43299-JS and F92-73573-JN both stated that Petitioner had been previously

been twice convicted of DWI.  The jury could have determined that based on those prior judgments, Petitioner had at least six previous DWI convictions, rather than just the two jurisdictional convictions.  (The two convictions listed in the F92-73573-JN judgment, the two convictions listed in the F92-73573-JN conviction, and the two jurisdictional convictions).  If defense counsel had stipulated to the jurisdictional convictions, the previous judgments would not have been admissible.  *Robles*, 85 S.W.3d at 213-214.

The Texas Court of Criminal Appeals has found that where a defendant stipulates to the jurisdictional DWI convictions, it is trial error to admit the judgments of the prior convictions into evidence.  *Robles*, 85 S.W.3d at 213-214.  The Supreme Court has held that the risk of unfair prejudice is "especially obvious" when a prior similar conviction is admitted.  *Old Chief v. United States*, 519 U.S. 172, 185 (1997) (finding abuse of discretion where trial court rejected defendant's offer to stipulate to prior firearm conviction and instead admitted full record of prior conviction).

In this case, Petitioner raises a claim of ineffective assistance of counsel, rather than trial error.  Under *Strickland*, this claims requires a showing of both deficient performance and the required prejudice.   Even if the Court assumes defense counsel was deficient for not stipulating to the jurisdictional felonies, Petitioner has failed to establish the required prejudice.

Under *Strickland*, Petitioner must show that but for the failure to stipulate to the jurisdictional convictions, there is a reasonable likelihood that result of Petitioner's trial would have been different.  In other words, Petitioner would have been found not guilty of felony DWI.

To determine whether Petitioner has shown the required prejudice, "we start by reviewing the strength of the government's evidence that was properly admitted before the jury."

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -8-

*Bustamante v. Quarterman*, 284 Fed. Appx. 183, 2008 WL 2645676 at *3 (5th Cir. July 7, 2008).

Officer Tate testified that when he saw Petitioner's truck, he noticed Petitioner was driving slowly – going approximately twenty to twenty-five miles per hour in a forty-five mile per hour speed limit area. (Trial Tr. Vol. 3 at 23). Officer Tate also noticed that Petitioner was not driving in a single lane, but was "weaving," and was at times driving onto the shoulder of the road. (*Id*. at 25). Officer Tate used his siren and police lights and attempted to pull Petitioner's car over. (*Id*. at 27). Petitioner did not pull his car over immediately, but continued to drive two or three miles further. (*Id*. at 28). Once Petitioner stopped his car, Officer Tate approached Petitioner and made contact with him. (*Id*. at 34). Officer Tate testified Petitioner's eyes were bloodshot, and he smelled of alcohol. *Id*. He stated he asked Petitioner to get out of the truck, and that when he did, Officer Tate noticed Petitioner's balance was unsteady and that he staggered. *Id*.

Officer Tate stated Petitioner either did not speak English or spoke very little English. Officer Tate asked Petitioner how many beers he had to drink and Petitioner stated he no beer to drink. (Id. at 35). Officer Tate attempted to perform a sobriety test called horizontal gaze nystagmus. The test requires that the defendant focus on a penlight. Officer Tate stated Petitioner would not watch the penlight, so he could not perform the test. (*Id*. at 39). Officer Tate state he believed Petitioner was intoxicated, and he placed Petitioner under arrest. (*Id*. at 44). Officer Tate took Petitioner to the Dallas County Jail. At the jail, Petitioner refused to provide a blood or breath alcohol test. (*Id*. at 70).

Officer Martel testified that she was an Intoxilyzer operator at the Dallas County Jail. (*Id*. at 77). She testified that she is fluent in Spanish. (*Id*. at 79). She stated she first made

contact with Petitioner when he came into the Intoxilyzer room.  She stated Petitioner's speech

was "very slurred," and it was difficult to understand him.  (*Id*. at 81).  She stated Petitioner

would not follow her directions, he was not walking straight, and he had a very strong smell of

alcohol.  (*Id*. at 81-82).  She testified that she tried to have Petitioner do some sobriety tests, but

he was unable to keep his feet together to do the tests.  She stated she asked Petitioner to recite

the alphabet from the letter "C" to the letter "W."  Petitioner started with the letter "A" and

stopped at the letter "D."  (*Id*. at 84).  Officer Martel stated she believed Petitioner was "highly

intoxicated."  (*Id*. at 86).  She also testified Petitioner refused a breath or blood test.  (*Id*. at 92-

93).

        The jurors were also shown a videotape from Officer Tate's patrol car showing the stop

of Petitioner's car.  The videotape also showed Petitioner in the Intoxilyzer room.  A review of

the tape shows that as Officer Tate followed Petitioner's car, Petitioner's car repeatedly swerved

outside of his lane.  At one point, Petitioner's car almost hit a guardrail.  Additionally, although

Officer Tate's patrol lights were activated, Petitioner drove past numerous off-ramps before

finally exiting the highway and stopping.  In the Intoxilyzer room, Petitioner received

instructions in both English and Spanish.  Officer Martel asked Petitioner to stand with his feet

together.  Petitioner attempted to put his feet together, then appeared to almost fall over.

Petitioner refused to put his feet together after that, although Officer Martel repeatedly told him

to do so.  Petitioner refused the breath test and blood test, and refused to perform any sobriety

tests.

        In this case, there was over overwhelming evidence at trial that Petitioner committed the

offense of driving while intoxicated.

Additionally, the state was required to prove that Petitioner was previously convicted of two DWI cases within ten years of the date of the commission of the tried offense. *See* TEX. PENAL CODE 49.09(b). The state offered into evidence the judgments from *The State of Texas v. Bernardo Medina*, No. F96-43299-JS, (282nd Jud. Dist. Ct., Dallas County, Tex., June 1, 1998), and *The State of Texas v. Bernardo Medina*, No. F92-73573-JN (195th Jud. Dist. Ct., Dallas County, Tex., Nov. 17, 1994). Both of these cases were felony DWI convictions.

The state also called Deputy Richard Hamb as a witness. Hamb testified he worked in the Intake Identification Bureau of the Dallas County Sheriff's Department. (Trial Tr. Vol. 3 at 97). He stated he received approximately forty hours of training in both basic and advanced fingerprint analyses. (*Id*. at 98). Hamb testified he compared the fingerprints in the two previous DWI convictions, cause numbers F96-43299-JS and F92-73573-JN, and determined that Petitioner was the same person convicted in both of those previous cases. (*Id*. at 106-107).

The Court finds there was sufficient evidence for the jury to decide that Petitioner had previously been convicted of two DWI cases in cause numbers F96-43299-JS and F92-73573-JN. Petitioner has failed to show but for his counsel's failure to stipulate to the jurisdictional convictions, there is a reasonable probability that the jury would have found him not guilty.

### C.      Identity

Petitioner argues his counsel was ineffective for failing to "prepare for trial" on the issue of whether he was the same person convicted in the previous DWI convictions alleged in the indictment. (Pet. Memo at 5). The state's fingerprint expert testified that he compared Petitioner's fingerprints with the fingerprints from the prior cases. (Trial Tr. Vol. 3 at 106-107). The expert testified that Petitioner was the same person convicted in the prior cases. *Id*.

Petitioner has failed to state what additional preparation his counsel should have done.  His claims are conclusory and should be denied.  *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

**3.      Trial Error**

Petitioner argues the trial court erred when it denied his motion to quash the indictment. He states that under Texas Penal Code 49.09 the state cannot list his four prior convictions in the indictment.  He states this constitutes an impermissible "dual use" of the prior convictions for both jurisdictional purposes and enhancement purposes.

Texas Penal Code 49.09(g) states:

A conviction may be used for purposes of enhancement under this section or enhancement under Subchapter D, Chapter 12 (habitual offender status), but not under both this section and Subchapter D.

To the extent that Petitioner is claiming a violation of state law, he does not allege a cognizable claim for federal habeas relief.  *See Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986) (finding federal habeas corpus relief is available only for the vindication of rights existing under federal law).

The Fifth Circuit has held that "[t]he sufficiency of a state indictment is not a matter of federal habeas relief unless it can be shown that the state indictment is so defective that it deprives the state court of jurisdiction."  *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994) (citation omitted).  Review of the state court indictment is foreclosed, however, if "the sufficiency of the [indictment] was squarely presented to the highest court of the state on appeal, and that court held that the trial court had jurisdiction over the case."  *Wood v. Quarterman*, 503

F.3d 408, 412 (5th Cir. 2007) (citation omitted).

In this case, Petitioner did not file a timely PDR.  The Court of Criminal Appeals therefore did not review the sufficiency of the indictment on direct review.  Petitioner's state habeas petition is not included in the record.  The state habeas court's findings of fact address only Petitioner's ineffective assistance of counsel claims.  It therefore appears that the sufficiency of the indictment may not have been presented to the Court of Criminal Appeals.  Review of the indictment is therefore not foreclosed.  *See Wood*, 503 F.3d at 412; *See also,* 28 U.S.C. § 2254(b)(2) (stating a federal court may address unexhausted claims and deny the those claims on the merits).

Texas Penal Code 49.09 does prohibit the use of the same felony conviction to establish jurisdiction, and to also enhance punishment.  TEX. PENAL CODE 49.09; *Phillips v. State of Texas*, 992 S.W.2d 491, 493 (Tex. Crim. App. 1999).  In this case, however, the state proved two prior felonies to establish jurisdiction, and then used different felonies to establish habitual offender status.  Although Petitioner argues that merely alleging all four felonies in the indictment constitutes an impermissible dual use, the Texas Court of Criminal Appeals has determined that listing all the prior felonies in the indictment, by itself, does not violate section 49.09.  *Phillips*, 992 S.W.2d at 495.  Petitioner's claims should be denied.

**4.  Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest.  Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented

in the state court proceedings.

## **RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 15th day of September, 2009.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).